USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/04/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                            :

  UNITED STATES OF AMERICA                    :

                      -against-                :            20-CR-482 (VEC)

  MACK DUODU,                               :            <u>ORDER</u>
                             Defendant.    :

------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on December 1, 2020, Mr. Duodu filed a motion pursuant to Rule 12(b)(3)(B)(ii) of the Federal Rules of Criminal Procedure for an order dismissing multiplicitous counts of the Information or compelling the government to elect between them, Dkt. 34;

       WHEREAS Mr. Duodu argues that Count One, exportation of stolen motor vehicles in violation of 18 U.S.C. § 553(a)(1) and 2, and Count Two, transportation of stolen motor vehicles in violation of 18 U.S.C. § 2312 and 2, are multiplicitous, *id.*;

       WHEREAS Mr. Duodu further argues that Count Eight, money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2, and Count Nine, international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i) and 2, are multiplicitous, *id.*;

       WHEREAS Mr. Duodu alleges that a multiplicitous charging instrument violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution, *id.* at 2–3;

       WHEREAS on December 14, 2020, the Government responded in opposition to the motion and on December 21, 2020, Mr. Duodu replied in support of the motion, Dkts. 39, 41; and

       WHEREAS both parties agree that a hearing is unnecessary and that the motion can be decided on the papers, Gov. Letter, Dkt. 40; Def. Reply, Dkt. 41 at 2, n.1;

IT IS HEREBY ORDERED that the motion is DENIED without prejudice. While the Double Jeopardy Clause of the Constitution protects against multiple punishments for the same offense, *see Illinois v. Vitale*, 447 U.S. 410, 415 (1980), the Clause "does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (per curiam).

In his reply in support of the motion, Mr. Duodu cites a number of cases to support the contention that the Information's multiplicity will prejudice Mr. Duodu at trial. Def. Reply at 2–3. But all of the cited cases, except for one, were decided well before the Second Circuit decided *Josephberg*, which squarely holds that this motion is premature. 459 F.3d 350, 355 (2d Cir. 2006). Mr. Duodu also cites to *United States v. Polizzi*, a memorandum on post-appellate proceedings, entered by Judge Weinstein in 2009. 257 F.R.D. 33, 34 (E.D.N.Y. 2009). But this memorandum has very little persuasive authority because it is not a binding decision, and, as Judge Weinstein notes, it "is for the advice of the parties only." *Id.* at 38. Moreover, in an appeal in that same case, the Second Circuit reiterated its prior holding that for counts without convictions, the "Double Jeopardy Clause's guarantee against multiple punishments for the same offense has not yet been triggered." *United States v. Polouizzi*, 564 F.3d 142, 157 (2d Cir. 2009) (citing *Josephberg*, 459 F.3d 350 at 355).

In short, the issue of multiplicity is best addressed at the time of sentencing. "If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts." *Josephberg*, 459 F.3d 350 at 355 (internal citation omitted).

Accordingly, Mr. Duodu may refile this motion if he is ultimately convicted of Counts One and Two or of Counts Eight and Nine.

The Clerk of Court is respectfully directed to close the open motion at docket entry 34. The Clerk of Court is further directed to correct the spelling of Defendant's last name; it should be Duodu, not Doudu.

**SO ORDERED.**

Date:  March 4, 2021
       New York, NY

**VALERIE CAPRONI
United States District Judge**