

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2021

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**MEMO ENDORSED**

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 4, 2021

**VIA ECF and EMAIL**

The Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York, 10007

      Re:    *United States v. Mack Duodu*, **20 Cr. 482 (VEC)**

Dear Judge Caproni:

      The Government respectfully submits this letter requesting that the Court order the Pretrial Services Office to provide to the Government the case file and any documents in its possession regarding the above-referenced defendant.

      As the Court knows, the defendant has absconded and is currently a fugitive from justice. *See, e.g.*, Dkt. No. 52. The Government believes that all records in the Pretrial Services Office's possession will be relevant and assist in the United States Attorney's Office and federal law enforcement agency efforts to track the defendant, and assist in the Government's intended presentation to a grand jury for a superseding indictment charging the defendant with bail jumping in violation of Title 18, United States Code, Section 3146.

      From discussions with the defendant's Pretrial Services officer and her supervisor, the Government understands that Pretrial Services cannot share these records without a court order, because they are "information obtained in the course of performing pretrial services functions in relation to a particular accused," which "shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1) (continuing that only the "pretrial services report" can be made available to an "attorney for the Government," but not necessarily law enforcement agency partners).

      The Government respectfully submits that there is a valid basis for disclosure to the U.S. Attorney's Office and to law enforcement, under the "regulations" which "provide exceptions to the confidentiality requirements . . . to allow access to such information in certain limited cases, to law enforcement agencies for law enforcement purposes." 18 U.S.C. § 3153(c)(2)(E); *see* Guide to Judiciary Policy, Vol. 8A, Ch. 2, *available at* https://www.uscourts.gov/sites/default/files/guide-vol08a-ch02-sec240-confidentialityregs_0.pdf (codifying such regulations). The Government is seeking this pretrial services information for "Investigation of a failure to appear for the criminal judicial proceeding with respect to which

pretrial services were provided," Regulation 240.20.30(b)(5)(B); "Investigation of a violation of a condition of pretrial release," Regulation 240.20.30(b)(5)(C); and, potentially, for protection of the accused when "the defendant has escaped." Regulation 240.20.30(b)(5)(E)(iii). There is "good cause" for such disclosure, given the overwhelming import of the "purpose of the disclosure," and no countervailing relevant harms to the defendant. Regulation 240.20.30(i).

The Government is available to answer any questions the Court may have.

Very truly yours,

AUDREY STRAUSS
United States Attorney

by: *Samuel Raymond*
Samuel Raymond / Jessica Feinstein
Assistant United States Attorneys
(212) 637-6519

---

Application GRANTED. Pretrial Services is hereby directed to turn over all records in its possession concerning Defendant Mack Duodu to the U.S. Attorney's Office and to relevant law enforcement agencies.

Information obtained in the course of performing pretrial services functions is confidential. *See* 18 U.S.C. § 3153(c)(1). The Director of the Administrative Office of the U.S. Courts is authorized to issue regulations establishing exceptions to the confidentiality requirements, including disclosure "in certain limited cases, to law enforcement agencies for law enforcement purposes." 18 U.S.C. § 3153(c)(2)(E). Regulation 240.20.30(b)(5)(B) was issued pursuant to this authority. The Regulation states: "After giving due consideration to any promises of confidentiality to sources of pretrial services information and any harm to any person that might result from disclosure of pretrial services information, the judge may order disclosure of such information to law enforcement agencies for the following purpose: . . . [i]nvestigation of a failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided."

In this matter, disclosure of records pertaining to Mr. Duodu may assist the U.S. Attorney's Office and law enforcement in locating Mr. Duodu, who has failed to appear at criminal proceedings and is currently at large. Additionally, disclosure limited to the U.S. Attorney's Office and law enforcement is unlikely to lead to any harm to others. Accordingly, the Court finds that the disclosure of such records squarely falls within the exception to the confidentiality requirements, as codified in Regulation 240.20.30(b)(5)(B).
SO ORDERED.

*Valerie Caproni*   Date: May 4, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE